## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SIERRA CLUB,

    Plaintiff,

vs.                                          Case No. 10-cv-00332 JB/JHR

SAN JUAN COAL COMPANY, BHP BILLITON, LTD.,
PUBLIC SERVICE COMPANY OF NEW MEXICO, AND
PNM RESOURCES, INC.,

    Defendants.

## DEFENDANT PUBLIC SERVICE
## COMPANY OF NEW MEXICO'S REPLY IN SUPPORT OF
## OPPOSED MOTION TO AMEND CONSENT DECREE

Defendant Public Service Company of New Mexico ("PNM") hereby files its reply in support of Plaintiff Sierra Club's and PNM's Opposed Motion and Brief to Amend Consent Decree filed on August 31, 2022 ("Motion"). [Document 46]  Defendant San Juan Coal Company ("SJCC") opposes the Motion and alleges that PNM and Plaintiff failed to show sufficient grounds for such amendment and further alleges that there is no basis for maintaining SJCC as a party to the Consent Decree. [Document 46; *see also* Document 49, SJCC's Response to Motion, filed September 19, 2022 ("Response")].  However, SJCC's arguments fail because (1) it is undisputed that there are incomplete tasks per the terms of the Consent Decree entered in this matter on April 12, 2012 ("Consent Decree"); and (2) the Court previously extended the expiration of the Consent Decree to give the parties time to conclude negotiations on modifications to the Consent Decree to complete the remaining tasks. [Document 45, Order Modifying Consent Decree, filed on April 26, 2022 ("Order").]  Significantly, SJCC did not previously oppose amending the

Consent Decree for the purposes addressed in PNM's Motion.  [Document 43, Unopposed Motion to Modify Consent Decree, filed April 12, 2022 ("Unopposed Motion").]

In reply to the Response by SJCC, PNM states the following:

## I.  BACKGROUND

As stated in the Motion, this case arose from claims made by Plaintiff against Defendants for alleged violations of the Surface Mining Control and Reclamation Act, 30 U.S.C. §§1201-1328 ("SMCRA"), and the approved New Mexico state regulatory programs promulgated thereunder, 30 C.F.R. Part 931 (" New Mexico Program"), and the Resource Conservation Recovery Act, 42 U.S.C. §§ 6901-6992k ("RCRA"), with respect to the San Juan Generating Station ("SJGS") and the San Juan Mine ("SJ Mine") located in San Juan County, New Mexico.  The claims were filed as a citizens suit pursuant to SMCRA and RCRA.

Defendant PNM is a part owner and the operator of SJGS, and SJCC was the owner and operator of the SJ Mine during the period encompassed in the Plaintiff's Complaint.  The Defendants denied they violated or were otherwise non-compliant with respect to SMCRA, RCRA, the New Mexico Program, and other applicable federal and state laws.  The Plaintiff and the Defendants ultimately settled their dispute pursuant to the Consent Decree which was approved and entered by the Court.

Per Section XVII at Paragraph 98 of the Consent Decree, the Consent Decree would terminate at the first occurrence of either the (a) completion of various environmental remedial measures or (b) ten years from the date of entry of the Consent Decree, which was April 12, 2022. In April 2022, PNM and Plaintiffs agreed the following tasks remained to be completed: (1) the development of Alternative Remedial Measures pursuant to Section V.B; and (2) completion of the Environmental Restoration Projects pursuant to Section VIII at Paragraphs 62, 63 and 64 and

Exhibit 5 (collectively "Incomplete Tasks"). [Document 43, Unopposed Motion.] PNM and Plaintiffs moved the Court for an extension of time to August 31, 2022 to "reach a final agreement and present a proposed further modification of the Consent Decree". [*Id* at ¶5.] SJCC did not oppose PNM's and Plaintiff's request for such an extension. The Court granted the parties' request for an extension of time "to allow them an opportunity to resolve and complete certain remaining tasks under the Consent Decree." [Document 45, Order.] Pursuant to the stipulated order, PNM and Plaintiffs reached a final agreement upon the necessary amendments to the Consent Decree so PNM may complete the Incomplete Tasks. [Document 46, Exhibits A and B to the Motion (the proposed Second Amendment to the Consent Decree and proposed Amended Exhibit 5 to the Second Amendment to the Consent Decree which provide timelines for completing projects under the Consent Decree and for the substitution of a project).]

## II.    STANDARD OF REVIEW

Consent decrees are final judgements which may be amended or altered pursuant to Federal Rule of Civil Procedure 60(b). [*Earth Island Inst., Inc. v. S. Cal. Edison*, 166 F. Supp. 2d 1304, 1309 (S.D. Cal. 2001) ("Authority to modify the Consent Decree also stems from Federal Rule of Civil Procedure 60(b)").] Rule 60(b), subsections (5) and (6) provide that a consent decree may be amended "when 'it is no longer equitable that the judgment should have prospective application ... [or] for any other reason justifying relief from the operation of the judgment.'" [*Id.* (quoting Fed.R.Civ.P. 60(b)95)(6) (West 2001)).] The Court has "[u]ndeniably [] broad authority to amend or modify the Consent Decree." [*Id.* at 1309.]

*Earth Island* confirms that where a party has not completed environmental remediation tasks as contemplated by an original consent decree, the court should allow the parties to negotiate to amend the consent decree so certain tasks may be completed, altered, or substituted. [*Id.* at

3

1309-1313.] *Earth Island* explained that there is a wealth of support for the Court to allow amendments "where the modification [to the Consent Decree] is necessary to effectively carry out the underlying purpose of the Consent Decree". [*Id.* at 1309.] The instant matter is similar to the facts in *Earth Island*. In this matter, as was the case in *Earth Island*, there are Incomplete Tasks, the parties have negotiated an amendment to the Consent Decree, the amendments further the purpose of the Consent Decree, the amendments best serve the public, and permitting modification of the Consent Decree would be most equitable to the parties and the public.

### III.   ARGUMENT

**(1)   PNM and Sierra Club showed good cause to amend the Consent Decree.**

As previously noted, like the parties in *Earth Island*, PNM and Plaintiffs established—and the Court confirmed—there are Incomplete Tasks under the Consent Decree. [Document 45, Order.] PNM's completion of the Incomplete Tasks will further the purpose of the Consent Decree by ensuring environmental remediation measures are not only implemented but completed. [Document 46, Exhibits A and B to the Motion.] In addition, environmental restoration serves both the parties' interests and will "greatly benefit" the public by furthering the purposes of SMCRA, the New Mexico Program, and RCRA. [*See Earth Island*, 166 F. Supp. 2d 1304, 1310 (S.D. Cal. 2001) (the court granting amendment of the consent decree because the amendments would "greatly benefit" the public by providing for further environmental restoration of wetlands therefore furthering the purpose of applicable environmental laws).] Thus, the Court should exercise its broad authority to grant the Motion pursuant to Rule 60(b) as there is sufficient justification for amending the Consent Decree. [*See* Rule 60(b) ("…the court may relieve a party…from a final judgment…for…any other reason that justifies relief").]

SJCC does not argue, nor cite any precedence indicating, the Court should not follow the precedence set by *Earth Island*, as cited by PNM. [Document 49, Response.] Unlike the present matter, the case law SJCC cited does not address either proposed amendments extending the consent decrees or parties requesting that the court extend their obligations under the consent decrees. In *Cronin v. Browner*, 90 F. Supp. 2d 364, 369 (S.D.N.Y. 2000), *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1194 (10th Cir. 2018), and *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992) the moving parties are attempting to avoid further obligations under the consent decrees which is not the case for PNM. Based on the foregoing, the Court should grant the Motion enabling the parties to complete Incomplete Tasks under the Consent Decree.

**(2) The Court's Order is the law of the case and provides sufficient grounds to allow further modification of the Consent Decree.**

The Court previously acknowledged the Incomplete Tasks and granted PNM and Plaintiffs time to negotiate an amendment to the Consent Decree enabling PNM to complete the Incomplete Tasks. [Document 45, Order (granting an extension of time "to allow them an opportunity to resolve and complete certain remaining tasks under the Consent Decree.").] While the court did not previously approve the specific terms of the amendment, the Order indicates that amendment to the Consent Decree will be permitted. [*Id.*] Thus, pursuant to the law of the case doctrine the issue of whether PNM and Plaintiffs may amend the Consent Decree is already decided and the issue should not be re-litigated. [*See Alba v. Hayden*, 2010-NMCA-037, ¶ 8, 148 N.M. 465, 467, 237 P.3d 767, 769 ("The law of the case doctrine is a matter of precedent and policy; it is a determination that, in the interests of the parties and judicial economy, once a particular issue in a case is settled it should remain settled")(internal quotations and citations omitted).]

Further, it would be most equitable to PNM and Plaintiffs to allow modification of the Consent Decree considering (1) SJCC did not previously oppose the Court granting the parties an

extension of time to complete the Incomplete Tasks and (2) the amendments do not impact SJCC's obligations under the Consent Decree.  [*See Earth Island*, 166 F. Supp. 2d 1304, 1309 (S.D. Cal. 2001) ("[t]he Court's power to modify the Consent Decree is derived from principles of equity").] In fact, from PNM's perspective, the remaining tasks that are the subject of the proposed amendment to the Consent Decree do not require any financial contribution or active involvement by SJCC.  Therefore, PNM respectfully requests that the Court allow PNM and Plaintiffs to amend the Consent Decree as requested regardless of whether SJCC is excused as a party from the Consent Decree.

## IV.     PRAYER FOR RELIEF

WHEREFORE, PNM respectfully requests that the Court approve the Second Amendment to the Consent Decree and the Amended Exhibit 5 to the Second Amendment to the Consent Decree and for such further relief the Court deems just.

        Respectfully Submitted,

        MILLER STRATVERT PA

        By:     */s/ Richard L. Alvidrez*
            RICHARD L. ALVIDREZ
            ELIZABETH REITZEL
            Post Office Box 25687
            Albuquerque, NM 87125
            Phone: (505) 842-1950
            Email: ralvidrez@mstlaw.com
            *Attorneys for Public Service Company of New Mexico*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was filed and served electronically through the CM/ECF system on the following counsel to be served by electronic means on this 3rd day of October 2022:

HOLLAND & HART LLP
John C. Anderson
P.O. Box 2208
Santa Fe, NM 87504
(505) 954-7295
Email:  jcanderson@hollandhart.com
*Attorneys for San Juan Coal Company*

LAW OFFICES OF CHARLES M. TEBBUTT, P.C.
Charles M. Tebbutt
941 Lawrence St.
Eugene, OR 97401
Tel: (541) 344–3505
E-mail: charlie.tebbuttlaw@gmail.com
*Attorneys for Plaintiff Sierra Club*


         */s/ Richard L. Alvidrez*
Richard L. Alvidrez



\\Abq-tamarack\ProData\000003-044739\Pleadings\4739265.docx